UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JULIAN GARCIA BALTIERREZ,

                Petitioner,                      Case No. 1:26-cv-1076

v.                                         Honorable Robert J. Jonker

MARKWAYNE MULLIN et al.,

                Respondents.

_____/

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## **Discussion**

### I.    **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, assume jurisdiction over this matter and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.10.)

In an order entered on April 2, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should

not be granted. (Order, ECF No. 3.) Respondents filed their response on April 7, 2026, (ECF No. 4), and Petitioner filed his reply on April 12, 2026, (ECF No. 5).

## II.    Factual Background

Petitioner is a native and citizen of Mexico. (Pet., ECF No. 1, PageID.2; Notice to Appear (NTA), ECF No. 4-1, PageID.65.) Petitioner entered the United States in 2007 without inspection. (Pet., ECF No. 1, PageID.3; NTA, ECF No. 4-1, PageID.65)

On October 26, 2025, Petitioner was arrested without a warrant by a United States Border Patrol officer. (Pet., ECF No. 1, PageID.2; 2025 Form I-213, ECF No. 4-2, PageID.70.) On November 14, 2025, the Detroit Immigration Court conducted a custody redetermination hearing pursuant to Petitioner's request for a change in custody status. (Immigration Judge Order, ECF No. 4-3, PageID.73.) At the conclusion of that hearing, the Immigration Judge denied bond, stating "Danger to community." (*Id.*) Petitioner was scheduled for a master calendar hearing on April 14, 2026, in the Detroit Immigration Court. (Notice of Internet-Based Hearing, ECF No. 4-4, PageID.75.)

## III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

**IV.      Discussion**

Petitioner acknowledges that he previously received a bond hearing pursuant to 8 U.S.C. § 1226(a). (Pet., ECF No. 1, PageID.4.) However, Petitioner contends that he is entitled to habeas relief because Respondents arrested Petitioner without a warrant, in violation of the INA and Petitioner's Fifth Amendment right to due process. (Pet., ECF No. 1, PageID.7–10.)

This Court has not previously addressed whether an illegal alien may lawfully be arrested without warrant, and if so under what circumstances.  But other Court have held that "[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." *Cristian Z. v. Bondi*, No. 26-cv-157, 2026 WL 123116, at *2 (D. Minn. Jan. 16, 2026) (citation modified); *see also* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, [a noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States.").[1] However, even if the Court assumes that a warrant was required for Petitioner's arrest, the warrantless arrest here, standing alone, does not entitle Petitioner to release in this § 2241 action.

In the immigration context "an unlawful arrest does not automatically result in suppression of evidence." *Gabriel v. Hermosillo*, No. 2:25-cv-02594-DGE-GJL, 2026 WL 194233, at *5 (W.D. Wash. Jan. 26, 2026); *see also INS v. Lopez-Mendoza*, 468 U.S. 1032, 1051 (1984) ("We hold that evidence derived from [an unlawful arrest] need not be suppressed in an [immigration] civil deportation proceeding."). The Sixth Circuit has acknowledged that *Lopez-Mendoza* established that a defendant, including his identity or body, is properly before a court "regardless of whether this information was obtained in violation of his Fourth Amendment rights." *United States v. Navarro-Diaz*, 420 F.3d 581, 588 (6th Cir. 2005). Thus, "the 'body' or 'identity' of a defendant or

---

[1] As the Court held in *Cortez Benavides I*, § 1226(a), not § 1225(b)(2)(A) governs Petitioner's detention. Op., *Cortez Benavides I*, No. 1:26-cv-563 (W.D. Mich. Mar. 9, 2026) (ECF No. 8).

3

respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred." *Lopez-Mendoza*, 468 U.S. at 1039. Therefore, "once deportation proceedings have begun[,] the legality of the alien's detention" based on the absence of a warrant "can no longer be tested by way of a habeas corpus proceeding." *Arias v. Rogers*, 676 F.2d 1139, 1143–44 (7th Cir. 1982)

Here, it is undisputed that deportations proceedings are presently underway. (*See* NTA, ECF No. 4-1, PageID.65–68.) Accordingly, the Court need not address the substantive issue of whether Petitioner's statutory or constitutional rights were violated as a result of his warrantless arrest because even if they were, he is not entitled to habeas relief on that basis.[2]

### Conclusion

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice

.

Dated:    April 15, 2026                            /s/ Robert J. Jonker
                                                    Robert J. Jonker
                                                    United States District Judge

---

[2] Petitioner also argues that he was originally arrested without a warrant in violation of the consent judgment in *Castañon Nava v. Dep't of Homeland Sec.*, No. 1:18-cv-3757 (N.D. Ill.). Based on the decision in *Castañon Nava*, release from custody without bond may be an appropriate form of relief in an action *outside of habeas* for violation of the consent judgment. However, to the extent that Petitioner seeks relief solely based upon his membership in the *Castañon Nava* plaintiff class, Petitioner's § 2241 action before this Court is not the proper avenue for Petitioner to seek such relief.